**FILED**
CLERK, U.S. DISTRICT COURT

SEPTEMBER 23, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AF___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAU QUAY DUONG, <br> Defendant. | Case No. CR 20-119-DOC-1 <br><br> ORDER OF DETENTION |

I.

On September 15, 2020, Defendant made his initial appearance on the indictment filed in this matter. Patrick McLaughlin, a member of the indigent defense panel, was appointed to represent Defendant. At Defendant's request, a detention hearing was continued to, and held on, September 23, 2020.

☒   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ unstable residence: defendant is and has been homeless for several years although Defendant is able to live with one of his children, the proposed sureties
- ☒ no legal status in the United States; Defendant is a citizen of Vietnam
- ☒ bail resources proffered are insufficient
- ☒ history of, and ongoing, substance abuse
- ☒ Unrebutted Presumption.

As to danger to the community:

- ☒ Allegations in the indictment include firearms and narcotics offenses
- ☒ Criminal history includes felony convictions for drug related offenses and firearms offenses (including felon in possession of firearm) and numerous law enforcement contacts for narcotics and firearms related offenses.
- ☒ history of, and ongoing, substance abuse despite prior in patient and outpatient treatments
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

[18 U.S.C. § 3142(i)]

Dated: September 23, 2020

                                              /s/
                                    ALKA SAGAR
                    UNITED STATES MAGISTRATE JUDGE